GALLAGHER et al. v. CARROLL et al.
No. 8.

District Court, E. D. New York.
March 18, 1939.

See, also, 27 F.Supp. 568.

James E. Turner, of Brooklyn, N. Y., for defendant Lawrence P. Carroll, for the motion.

Harold Halpern, of New York City, for plaintiffs, opposed.

CAMPBELL, District Judge.

This is a motion for an order dismissing the summons and complaint herein as to the defendant Lawrence P. Carroll, upon the ground that the said defendant was not at the time of the service of the summons and complaint herein a resident or inhabitant of the Eastern District of New York, and upon the further ground that this Court has no jurisdiction of the person of the defendant, Lawrence P. Carroll, herein.

The second paragraph of the complaint reads as follows:

"Second: Upon information and belief that at all the times hereinafter mentioned, defendant Lawrence P. Carroll was and still is a resident of the County of Kings, City of New York, in the Eastern District of New York, and a citizen of the State of New York."

On this motion there is offered the affidavit of the attorney and counselor for the defendant, which refers to the affidavit of the defendant and also the affidavit of the defendant which states as a conclusion that at the time of the accident he resided, inhabited and maintained his residence at 53 Westside Ave., Bergenfield, New Jersey, and that he has at all times since, and still does, maintain his residence and home at that address and is an inhabitant of the State of New Jersey.

However convincing this bald statement might be, standing alone it loses most of its' force when you consider that, as shown by the plaintiff, this defendant in 1936 registered in the State of New Jersey, certain motor vehicles and stated that his residence was 175 Front Street, Brooklyn, New York, and that in the same year the said defendant registered certain commercial vehicles in the State of New York and that his residence was stated as 175 Front Street, Brooklyn, New York, and further that the said defendant, in 1936, registered with the Interstate Commerce Commission and gave the address as 175 Front Street, Brooklyn, N. Y.

These registrations, especially in New York and New Jersey, were made with the departments in charge of the registrations of motor vehicles, as required by law, and that one of the requirements was that the registrant should give his name and address.

In order to determine who was the owner of the vehicle, it was intended that such fact could be ascertained by inquiry at the office where registration was required.

It may well be that the domicile of the said defendant is in the State of New Jersey and while a man can only have one domicile, he may have a number of residences.

Obviously, for the defendant's own purposes, he claimed to be a resident of 175 Front Street, Brooklyn, New York.

That was a deliberate act upon his part, at that time when this action was not contemplated, and having taken that position at that time, he should not be permitted, when conditions have changed, to now disavow that which was his deliberate act.

The defendant Carroll was a resident of this district at the time when the accident happened, and there is no evidence presented before me which warrants me in finding that he was not a resident in this district, when the action was commenced and service was made upon him, in this district.

The motion is denied.